**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10424
Summary Calendar

CAROL A. STEPHENS,

Plaintiff-Appellant,

VERSUS

SHIRLEY S. CATER,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(2:93-CV-203)
(October 16, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Carol A. Stephens' application for social security disability and SSI benefits was denied by the administrative law judge (ALJ) at step four of the well known sequential process.[2] The district court found that: Stephens retained the residual functional

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[2] 20 C.F.R. § 404.1520; Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).

capacity to perform her past relevant work; the ALJ's evaluation of Stephens' activities (that she leads a very active lifestyle) was not supported by substantial evidence; the ALJ failed to articulate reasons for his unfavorable credibility determination of Stephens' subjective complaints of pain and limitations; and that the ALJ improperly found Stephens capable of performing her past relevant work based on vocational-expert testimony indicating that she was not capable of performing such work. The district court reversed the step-four determination that Stephens was not disabled, and remanded this case pursuant to sentence four of 42 U.S.C. § 405(g) for further analysis at step five of the sequential process.

Stephens argues to this Court that this case should have been remanded for an award of benefits rather than for further proceedings. Relying on <u>Goodley v. Harris</u>, 608 F.2d 234 (5th Cir. 1979), she contends that the district court held that the Commissioner did not adduce substantial evidence to carry her burden of proof that Appellant had the residual functional capacity for substantial gainful activity, and that the appropriate disposition is rendition of judgment in Appellant's favor rather than giving the Commissioner a second chance to prove her case.

It is within the district court's discretion to remand to the Commissioner for a further hearing or to direct the Commissioner to award benefits. <u>See</u> <u>Emory v. Sullivan</u>, 936 F.2d 1092, 1095 (10th Cir. 1991) (cited with approval in <u>Randall v. Sullivan</u>, 956 F.2d 105, 109 (5th Cir. 1992)).

The Commissioner is correct that Stephens has misconstrued the

2

district court's opinion. The district court essentially held that Stephens had sustained her burden of proof at step four and that the case should be remanded for further analysis at step five for the Commissioner to show that Appellant could perform some other work.

When a denial of benefits at step four is reversed, remand for evaluation at step five is generally appropriate, unless there is no substantial evidence in the record that the claimant can perform other work, in which case a remand for evaluation at the fifth step would be useless. In <u>Rodriquez v. Schweiker</u>, 640 F.2d 682, 686 (5th Cir. 1981), this Court held that there was no substantial evidence to support the Secretary's determination that the claimant could return to his previous work. Thus, the burden of proof shifted to the Secretary to show that the claimant was capable of performing substantial gainful employment. Because there was no evidence in the record regarding this factor, this Court remanded the case for further fact-findings in order to determine if the Secretary could meet this burden. This Court did not hold that the claimant was entitled to benefits at this stage. <u>See</u> <u>also</u> <u>Lauer v. Bowen</u>, 818 F.2d 636, 64l (7th Cir. 1987) (step-four determination reversed and case remanded for step-five inquiry).

Stephens' reliance on <u>Goodley v. Harris</u> is misplaced. In <u>Goodley</u>, although we did not discuss the five-step process, and it is not clear at exactly which step benefits were denied, this Court stated that there was an absence of evidence that the claimant could engage in some kind of gainful employment, and so remanded

3

for an award of benefits.  608 F.2d at 237.  Likewise, in Ferguson v. Heckler, 750 F.2d 503, 505 (5th Cir. 1985), the record did not contain substantial evidence to support the ALJ's finding that the claimant's alcoholism was not a significant impairment to gainful activity and so this Court remanded with instructions to enter judgment for the claimant.

In this case, although there was some testimony by the vocational expert regarding other work that claimant may or may not be able to do based on varying hypotheticals, the record is not clear that there is no substantial gainful employment that Appellant could perform based on her condition, therefore an award of benefits is not warranted at this stage of the proceedings.

AFFIRMED.